# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## APRIL TERM, 1879.

---

### E. J. BOWERS *v.* E. VIRDEN.

ATTORNEY AND CLIENT. *Attorney purchasing land of former client. Professional relation.*

Where an attorney was employed, in 1870, to write a will by which a certain tract of land was devised, and was consulted, in 1871, in reference to the collection of the rent of the land, he was not thereby placed in such a professional relation to the client or to the land as to preclude him from purchasing the land at a sale for taxes in 1872. His duty, as to the will, terminated with its preparation; and in advising as to the rent, he incurred no continuing obligation as to the land He could not buy a title outstanding when he wrote the will, nor do any thing inconsistent with his duty in regard to 'the matters concerning which he was consulted, nor take any advantage of information acquired in his professional employment; but he had the right to buy the paramount title arising from the sale for taxes, which was the act of the State, independent of, and unaffected by, any knowledge or agency on his part.

APPEAL from the Chancery Court of Madison County.

Hon. E. G. PEYTON, Chancellor.

Virden filed his bill in chancery against Bowers, for the purpose of having him charged as a trustee of the legal title to a certain tract of land, and to require the conveyance thereof to the complainant, upon the ground that the defendant was the attorney and legal adviser of the complainant, and purchased the land in violation of his professional obligations and duties.

The bill states, substantially, that Virden resided in Jackson, Hinds County, but was engaged in a mercantile business in Canton, Madison County; that in the latter county he owned a considerable real estate, including the property in controversy, a small farm with a dwelling-house and appurtenances, two miles from Canton; that Bowers was complainant's general and confidential legal adviser in all matters in Madison County requiring the advice of a lawyer; that in July, 1870, he got Bowers to write his will, in which the property in question was devised and particularly described; that about that time, one Dinkins, a relative of Bowers, occupied the premises as the tenant of complainant, of which fact Bowers was cognizant, and after the date of the will he was consulted by Virden's agent as to the feasibility of collecting rent from Dinkins by distress; that, in 1870, complainant contracted to sell and convey the property to Dinkins, on the payment of the purchase-money agreed upon, but Dinkins failed to pay, and the contract was abandoned in the latter part of 1871; that complainant was in the habit of paying his taxes in Madison County through an agent there; that the property in dispute happened to be assessed to Dinkins for the taxes of 1871, without complainant's knowledge, and his agent, guided by the assessment-roll, paid the taxes on the lands assessed to complainant, omitting the tract assessed to Dinkins, and on the 8th of January, 1872, it was sold for the taxes, and purchased by Bowers; that neither complainant nor his agent was aware of the erroneous assessment and the sale thereunder until the time for redemption had expired, and then Bowers refused to permit complainant to redeem the land except by paying one-half of its value. The bill charges that Bowers knew, at the time of his purchase, that he was buying his client's land; that before the time for redemption had expired, Bowers wrote for complainant a codicil to his will, but leaving the disposition of the property in question unchanged; and that Bowers had many opportunities to disclose to complainant that he had bought the land at a tax-sale, especially when he

wrote the codicil, yet he withheld this fact until the right of redemption had become barred, which reticence was fraudulent and in violation of his professional duties. Virden supported the allegations of his bill by his deposition; and, besides, testified that he furnished Bowers with his title-deeds when he drew the will, and with the will when he drew the codicil; that the relation of trust and confidence continued throughout the period intervening the date of the will and the writing of the codicil, and that he never employed or consulted any other lawyer about his affairs in Madison County.

The denials and admissions of Bowers's answer constitute a statement, in effect, as follows: That, before his purchase of the land in controversy, defendant had been employed as attorney and counsellor by Virden, and the firm of which he was a member, in certain cases and matters in Madison County, but all that business had been terminated on the 20th of November, 1870, except an ejectment suit, which had no reference to the land here in dispute, and defendant was never employed in relation to said land; that he wrote Virden's will wholly from memoranda, which was handed back to Virden with the will, and the will and its contents were dismissed from defendant's attention and recollection, and he does not remember whether the land in dispute was embraced in the will or not; that Dinkins was related to defendant's wife, but he only knew by information that Virden had made a contract to sell the land to Dinkins, and that he was in possession in 1870, and up to the time of the sale for taxes, as owner; that Virden's agent inquired of defendant whether rents could be collected from Dinkins, and he advised that such collection could not be made, but he does not remember whether this land was mentioned at that time, and he was not consulted expressly as the attorney of Virden, but regarded the conversation as casual, no fee being paid or charged; that defendant did not know, at the time he bought the land, that the contract of sale with Dinkins had been rescinded, but the land was assessed and advertised as Dinkins's property, and defendant believed

it to be his, and therefore it did not occur to him to inform Virden of defendant's purchase; that in August, 1872, defendant wrote a codicil to Virden's will, from memoranda furnished by Virden, but the will was not then produced, and defendant has never seen it since he drew it up; that he had no intention, at that time, of concealing the fact of his purchase, but the codicil had no reference to said land, and he had no recollection that the will had any reference thereto; that defendant was not called upon to write the codicil as Virden's confidential attorney and adviser, and he was paid nothing and charged nothing for that service; that there was no relation of trust and confidence between defendant and Virden in relation to said land, or in relation to any general business, and he was not a trustee for Virden in purchasing the land, and is not chargeable with any fraud on Virden in purchasing and holding the same. The defendant supported the averments of his answer by his deposition; and he further deposed that he was never employed to attend to complainant's law-business generally, nor upon a general retainer, but was specially engaged in particular cases or matters, and that none of those cases or matters had any connection with the land here involved.

The chancellor rendered a decree for the complainant, and the defendant appealed.

*A. H. Handy*, for the appellant.

There is no proof showing that the appellant was ever the attorney or counsel for the appellee in relation to the land in controversy, or that any trust or confidence subsisted between them in regard to it at any time, and especially at the time of the tax-sale, which could have debarred appellant from the right to purchase the land at that public, judicial sale. The preparation of the will was an isolated thing, as to this land, and all duty and obligation on the part of appellant, arising therefrom, was instantly at an end when that preparation was finished, so far as any matter involved in this case was concerned. And Bowers was not thereafter chargeable with

any duty in relation to Virden's subsequent disposition of this land, or his suffering charges upon it.   Bowers purchased the land under the belief that Virden had sold it to Dinkins, and that it was liable for taxes as the property of the latter. Upon the pleadings and proof, it is impossible to hold that, at the time of appellant's purchase, he bore any relation of attorney, counsel, or solicitor to the appellee in relation to this land.

But if it were shown that the relation of client and attorney, as to the land in controversy, subsisted between the parties, still the appellant's purchase, being fair, should not be set aside.   Perry on Tr., sect. 202, note 4 ; 18 Ves. 302, 313 ; 1 Story's Eq., sect. 310, note 1.

*A. H. Handy* also made an oral argument.

*Harris & George*, for the appellee.

The propositions contained in the complainant's bill, and supported by the facts proved and the facts admitted, are that Bowers was incapacitated to buy the property in question for his own benefit, without the consent of Virden ; that it was his duty to apprise Virden of the purchase before the time of redemption expired, and when Virden offered to redeem from the purchaser, it was his equitable right to demand a reconveyance on the terms he proposed ; that the relations of Bowers to Virden, and his professional connection with the property and with Virden's plans respecting it, brought him within the rule which forbids the attorney to disconcert the purposes of his client, disclosed to him professionally, or to acquire any interest in such property, or take advantage of his client's ignorance of, or inattention to, proceedings which were in progress to frustrate plans so confided to him ; and, further-more, that the professional connection with the property and the client imposed the duty of warning the client in time to enable him to avert the danger.   Hill on Tr. 160, 161 ; 1 Story's Eq., sect. 310 ; Perry on Tr. 202 *et seq.; York Build-ing Co.* v. *McKenzie*, 8 Bro. Parl. Cas. 62 ; 8 Ves. jr. 344 ; *Stockton* v. *Ford*, 11 How. (U. S.) 614 ; 7 Ired. Eq. 150 ;

6 Ves. 628, 630; *Galbraith* v. *Elder*, 8 Watts, 94–100; Cooley on Tax., subject, "Redemption;" 1 Ld. Cas. in Eq. 249, pt. 1; *Johnson* v. *Outlaw, ante*, p. 541; Weeks on Attorneys, 442; *Gibson* v. *Jeyes*, 6 Ves. 266, 267; *Henry* v. *Reiman*, 1 Casey, 354–363; 10 Ves. 475; *Davidson* v. *Moss*, 5 How. 673; *Winn* v. *Dillon*, 27 Miss. 494; 7 Watts, 387; 30 Ark. 44.

*W. P. Harris*, of counsel for the appellee, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

At the time of the delinquency of the land, and its sale for taxes, the appellant did not sustain such a professional relation to appellee, as to the subject of the sale, as to disable him to purchase at said sale for himself. The fact that appellant had written the will of appellee, which disposed of this land, and that he had been consulted, in the autumn of 1871, about collecting rent for the use of said land that year, did not preclude him from buying it at the sale for taxes. His duty as to the will terminated with its preparation; and in advising as to the collection of rent, he incurred no continuing obligation as to the land. His employment in these matters, or in others not connected with the land, imposed no obligation on him to protect the interest of appellee by preventing a sale of the land for taxes.

There was no litigation about the land. He had no charge, or trust, or confidence as to it. He owed no duty to appellee in reference to it. He could not buy for himself an outstanding title existing when he wrote the will, but there was no hindrance to his buying the paramount title subsequently arising from the non-payment of taxes and the sale of the land therefor. He could not do any thing inconsistent with his duty to his client, as to the matters about which he was consulted; but his duty as to this land was not a continuing one, and had ended before the claim of the State to sell it arose. He could not use for his own advantage information acquired

in his professional employment, but such disability could have no application to the sale of the land for taxes, which was the act of the State, wholly independent of any agency of appellant, and unaffected by any knowledge he may have had, and which transferred the title, in whomsoever it was.

Decree reversed and bill dismissed.